**Brenda GREENWALDT, Respondent,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Appellant.**

No. C2–94–1760.

Court of Appeals of Minnesota.

Dec. 27, 1994.

Review Denied Feb. 14, 1995.

Robert H. Gross and Elliot L. Olsen, Minnetonka, for appellant.

Mitchel I. Kirshbaum, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and MANSUR,* JJ.

## OPINION

SCHUMACHER, Judge.

Respondent Brenda Greenwaldt sued appellant Illinois Farmers Insurance Company (Illinois Farmers) to recover underinsured motorist benefits for damages sustained in an automobile accident that occurred on October 3, 1988. Illinois Farmers challenges the district court's award of underinsured motorist benefits, arguing the district court erred in determining the tortfeasor's vehicle was underinsured. Greenwaldt challenges the district court's determination that her award should be reduced by her comparative fault

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

before deducting any no-fault benefits. We affirm in part and reverse in part.

## FACTS

Greenwaldt's car collided with a car driven by Roger Baumgartner on October 3, 1988. Greenwaldt brought an action against Baumgartner for injuries she suffered in the collision. Baumgartner had $50,000 of liability insurance. Greenwaldt accepted $13,000 from Baumgartner in settlement of her action. Greenwaldt then demanded arbitration to recover underinsured motorist benefits from her insurer, Illinois Farmers. A panel of arbitrators determined that Greenwaldt was 40% at fault in the collision and that she had suffered $238,000 in damages.

Greenwaldt petitioned the district court for a confirmation of the arbitrators' award. Illinois Farmers opposed confirmation, arguing that after reductions for comparative fault and no-fault benefits paid and payable, Baumgartner's vehicle was not underinsured.

The district court held that Baumgartner's vehicle was underinsured and Greenwaldt was entitled to underinsured motorist benefits. The district court reduced the arbitrators' award by the amount of Greenwaldt's comparative fault and then deducted no-fault benefits paid and payable from the remaining amount to arrive at a total of $36,200 in underinsured motorist benefits. The district court entered judgment for Greenwaldt on May 26, 1994.

Illinois Farmers challenges the district court's determination that Baumgartner's vehicle was underinsured. Greenwaldt filed a notice of review challenging the district court's order of reductions for comparative fault and no-fault benefits.

## ISSUES

1. Did the district court err in determining that the offset provision of Minn.Stat.

---

pointment pursuant to Minn. Const. art. VI, § 10.

§ 65B.51 is not applicable for purposes of defining an underinsured vehicle?

2. Did the district court err in reducing Greenwaldt's award by the amount of her comparative fault before deducting no-fault benefits?

## ANALYSIS

■ The facts of this case are undisputed. The issues on appeal present pure questions of law. Where the material facts are not in dispute, this court need not defer to the district court's application of the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

1. Illinois Farmers argues the district court erred in determining that Baumgartner's vehicle was underinsured. An underinsured vehicle is defined as:

> a motor vehicle * * * to which a bodily injury liability policy applies at the time of the accident but its limit for bodily injury liability is less than the amount needed to compensate the insured for actual damages.

Minn.Stat. § 65B.43, subd. 17 (1988). The No–Fault Act further provides:

> With respect to a cause of action in negligence accruing as a result of injury arising out of the * * * use of a motor vehicle * * * there shall be deducted from any recovery the value of basic or optional economic loss benefits paid or payable, or which would be payable but for any applicable deductible.

Minn.Stat. § 65B.51, subd. 1 (1988).

■ Relying on *Richards v. Milwaukee Ins. Co.*, 505 N.W.2d 97 (Minn.App.1993), *rev'd*, 518 N.W.2d 26 (Minn.1994), the district court held that the offset provision of section 65B.51 is not applied in calculating actual damages for purposes of defining an underinsured motor vehicle. *See id.*, 505 N.W.2d at 100. In *Richards v. Milwaukee Ins. Co.*, 518 N.W.2d 26, 28 (Minn.1994), however, the supreme court held that the determination of whether a vehicle is underinsured must be

made *after* deductions for no-fault benefits. While the district court applied the correct law at the time of its decision, we must reverse the district court's decision and apply the supreme court's rationale from *Richards* to determine whether Baumgartner's vehicle was underinsured.

2. Greenwaldt argues the district court erred in reducing her award by the amount of her comparative fault before deducting no-fault benefits. In 1990, the legislature added the following language to section 65B.51:

> In any case where the claimant is found to be at fault under section 604.01, the deduction for basic economic loss benefits must be made before the claimant's damages are reduced under section 604.01, subdivision 1.

1990 Minn.Laws ch. 555, § 6. The added language applies "to all causes of action arising on or after" May 4, 1990. *Id.* at § 24.

■ The district court used the 1988 version of the statute because it was in effect at the time of the collision. Greenwaldt argues the district court should have used the 1990 version because her "cause of action" for underinsured motorist benefits did not arise until July, 1992, when she settled the underlying liability action with Baumgartner. We disagree. The terms "cause of action" and "claim" are not interchangeable. *See Employers Mutual Cos. v. Nordstrom*, 495 N.W.2d 855, 856 (Minn.1993) ("An underinsured motorist *claim* is both alike and unlike a tort *cause of action*." (emphasis added)). Because a tort cause of action may give rise to any number of claims, including an underinsured motorist claim, the district court determined correctly that Greenwaldt's cause of action arose on the date of the collision.

Therefore, applying Minn.Stat. § 65B.51, subd. 1 (1988), and the supreme court's analysis from *Richards v. Milwaukee Ins. Co.*, 518 N.W.2d 26 (Minn.1994), the district court should have arrived at the following calculations:

| Item | Arbitrator's Award | Def. Fault | Net Award | Adjustment for No Fault Benefits | Remaining |
|---|---|---|---|---|---|
| Past Medical Exp. | $ 56,000 | 60% | $ 33,600 | $ 33,600 | $ |
| Future Medical Exp. | 12,000 | 60% | 7,200 | | 7,200 |
| Past Wage Loss | 100,000 | 60% | 60,000 | 60,000 | |
| Future Lost Income | 20,000 | 60% | 12,000 | | 12,000 |
| Past Pain/Suffering | 30,000 | 60% | 18,000 | | 18,000 |
| Future Pain/Suffering | 20,000 | 60% | 12,000 | | 12,000 |
| Total | $238,000 | | $142,800 | | $49,200 |

Because $49,200 is less than Baumgartner's liability coverage of $50,000, Baumgartner's vehicle was not underinsured. Illinois Farmers is therefore not liable to Greenwaldt for underinsured motorist benefits.

## DECISION

The district court determined correctly that Greenwaldt's cause of action arose at the time of the collision rather than when she submitted a claim for underinsured motorist benefits. The determination of whether a vehicle is underinsured, however, must be made after deductions for no-fault benefits paid and payable.

**Affirmed in part and reversed in part.**